# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LANITA DOTSON,**

    **Plaintiff,**

 v.                                                                                                    Case No. 20-CV-1767

**JAMES FAULKNER and**
**WISCONSIN DEPARTMENT OF CORRECTIONS,**

    **Defendants.**

## ORDER SCREENING THE COMPLAINT

On November 30, 2020, LaNita Dotson filed a complaint against James Faulkner and the Wisconsin Department of Corrections (DOC) under 42 U.S.C. § 1983 and Wisconsin Statute § 995.50. (ECF No. 1). Dotson is represented by counsel, but at the time her complaint was filed, she was incarcerated. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, I have jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*1. Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Dotson was incarcerated when she filed her complaint. The PLRA requires courts to screen

complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because

2

Dotson is represented by counsel, the court is under no obligation to liberally construe her pleadings.

## 2. *Dotson's Allegations*

When Dotson was incarcerated at Ellsworth Correctional Facility, she was assigned to a work detail responsible for scraping and painting walls in the facility. (ECF No. 1, ¶¶ 8, 17). Dotson alleges that on three occasions—June 10, 2019, June 11, 2019, and June 22, 2019—defendant James Faulkner, a prison guard at Ellsworth, was supervising Dotson's work detail. (*Id.*, ¶¶ 10, 18.) On June 10, Dotson states that Faulkner "used physical violence and forced [her] to perform the act of oral sex without her consent" in a "blind spot that was not subject to supervision or video surveillance by DOC at Ellsworth." (*Id.*, ¶¶ 20-21.) The next day, June 11, Faulkner again "used physical violence and forced and threatened to choke and/or then did choke [Dotson] by the neck and subsequently forced [her] to perform the act of oral sex without her consent." (*Id.*, ¶ 23.) This incident also occurred in a blind spot that was not supervised or under video surveillance. (*Id.*, ¶ 24.) Then on June 22, 2019, Faulkner "deliberately smuggled a knife or box cutter" into Ellsworth and used it to force Dotson to perform "multiple acts of oral sex without her consent." (*Id.*, ¶¶ 26, 28.) Again, this incident occurred in a blind spot. (*Id.*, ¶ 29.) Faulkner was criminally prosecuted for these acts in Racine County Circuit Court, Case No. 2019-CF-0860. (*Id.*, ¶ 41.)

When Dotson attempted to gain access to "the ASTOP crisis hotline" and access to psychological care after these incidents, "Ellsworth jail guards and their

supervisors" denied her access. (*Id.*, ¶¶ 35-36.) It was not until Dotson used a razor blade to harm herself that she got access to psychological care and was allowed to file a police report. (*Id.*, ¶¶ 37-40.)

Dotson further alleges that "the DOC knew areas of Ellsworth were unsupervised and without camera surveillance and knew or should have known that correctional officer(s) and guards" used these blind spots to sexually abuse inmates. (*Id.*, ¶ 30.) She also states that "in 2018, the DOC investigated 132 claims of staff sexually abusing or harassing inmates," showing there was "a permissive atmosphere of sexual abuse by prison guards at DOC, amounting to a habit, routine or practice DOC-wide." (*Id.*, ¶ 42.)

Dotson states she suffered from "physical injuries, severe mental anguish and emotional trauma," as a result of Faulkner's actions. (*Id.*, ¶ 44.) Dotson sues Faulkner in both his individual and official capacity. (*Id.*, ¶ 11.) She also seeks damages, costs, and fees against both Faulkner and the DOC. (*Id.* at 9.)

*3. Analysis*

Dotson is suing James Faulkner in both his individual and official capacity and is suing the Wisconsin Department of Corrections. Individual capacity suits "seek to impose personal liability upon a government official for actions he takes under state law." *Kentucky v. Graham*, 437 U.S. 159, 165 (1985) (citations omitted). "Official capacity suits, in contrast, 'generally represent another way of pleading an action against an entity of which the officer is an agent.'" *Id.* (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Because Faulkner

4

works at Ellsworth, which is under the purview of the DOC, the court construes the official capacity claim as a claim against the DOC, which is already a named defendant. The DOC is a state agency and claims against a state agency are "no different from a suit against the State itself," so the court will construe the claims involving the DOC as claims against the State of Wisconsin. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (Citing *Graham* 437 U.S. at 165-166; *Monell*, 436 U.S. at 690 n. 55).

Section 1983 allows suits against "persons." A state is not a "person" from whom a plaintiff can recover monetary damages under § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. Of Ga.*, 535 U.S. 613, 617 (2002); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). A State may be considered a "person" under § 1983 where the plaintiff seeks injunctive relief and alleges that the State itself is responsible for the violation of her constitutional rights because of a practice, custom, or policy. *Will*, 491 U.S. at 71 n. 10; *Graham*, 473 U.S. at 166 (citing *Monell*, 436 U.S. at 694). While Dotson does allege that the constitutional violation occurred because of a State practice, custom, or policy, she seeks only monetary damages and not injunctive relief. As such, she may not proceed on claims against Faulkner in his official capacity or claims against the DOC. The DOC is dismissed from the case.

However, Dotson may proceed on her Eighth Amendment claim against Faulkner in his individual capacity. Unwanted sexual touching "intended to humiliate the victim or gratify the assailant's sexual desires can violate a prisoner's constitutional rights." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

5

Dotson alleges three occasions where Faulkner violently forced her to perform sexual acts against her will. She sufficiently alleges an Eight Amendment claim.

Dotson also brings a Wisconsin state claim against Faulkner under Wis. Stat. §955.50. At this stage, the court exercises supplemental judgment over the state law claim. *See* 28 U.S.C. §1367(c); *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015).

**THEREFORE, IT IS ORDERED** that the Wisconsin Department of Corrections is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant James Faulkner. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 8th day of December, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

6