UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANITA DOTSON,

    Plaintiff,

v.                                                                                 Case No. 20-CV-1767

JAMES FAULKNER,

    Defendant.

## ORDER ON MOTION TO AMEND THE COMPLAINT AND SCREENING THE AMENDED COMPLAINT

On December 8, 2020, the court screened plaintiff LaNita Dotson's complaint and allowed her to proceed on Eighth Amendment claim against defendant James Faulkner for allegedly sexually assaulting her on several occasions while she was incarcerated at Ellsworth Correctional Facility. (ECF No. 4.) This matter is presently before me on Dotson's motion to amend the complaint (ECF No. 7.) and for screening of the amended complaint.

    1. *Motion to Amend the Complaint*

Dotson filed a motion to amend her complaint on February 13, 2021. Because the Wisconsin Department of Justice did not accept service defendant James Faulkner under the informal service agreement, Faulkner has yet to be served. Under Federal Rule of Civil Procedure 15(a)(1), "a party may amend its pleading once as a matter of course within 21 days after serving it." Because Dotson's

complaint has yet to be served, Dotson's motion is timely, and it also included an amended complaint as required by Civil Local Rule 15. I will, therefore, grant her motion to amend the complaint, and the amended complaint (ECF No. 7-1) is now the operative complaint.

*Screening the Amended Complaint*

*2.1 Federal Screening Standard*

Because Dotson was incarcerated at the time she filed her amended complaint, the Prison Ligation Reform Act (PLRA) requires that the court screen her amended complaint. 28 U.S.C. § 1915A(a). The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Dotson is represented by counsel, the court is under no obligation to liberally construe her pleadings.

*1.2 Dotson's Allegations*

Dotson's allegations against Faulkner are substantially similar to the allegations contained in her original complaint. Briefly, Dotson alleges that on three occasions—May 10, 2019, May 11, 2019, and May 22, 2019—defendant James Faulkner sexually assaulted her in a blind spot at Ellsworth that was not subject to video surveillance. (ECF No. 7-1, ¶ 49.) Faulkner also smuggled a box cutter or a knife to threaten Dotson. (*Id.*, ¶ 52.) Faulkner was criminally prosecuted for these acts in Racine County Circuit Court, Case No. 2019-CF-0860. (*Id.*, ¶ 28.) Dotson suffered severe mental distress and emotional trauma following the sexual abuse and required psychological treatment. (*Id.*, ¶¶ 60, 65.)

3

Dotson also alleges that defendant Ellsworth Captain A, a John or Jane Doe defendant, was Faulkner's supervisor, and on the dates in question in May 2019, Captain A failed to conduct the required supervisory rounds. (*Id.*, ¶¶ 33-34). Captain A also knew that the wing of Ellsworth where the sexual assaults allegedly occurred had no surveillance; knew it was an area where other female inmates had previously been sexually assaulted; and knew that Faulkner had sexually assaulted Dotson on those three occasions in May 2019 but did nothing. (*Id.*, ¶¶ 43-45.)

Additionally, Dotson alleges that defendants Ellsworth Warden Sarah Cooper, Deputy Warden Ruck, and John/Jane Doe Ellsworth Guards 1 through 5 knew about regular sexual abuse by prison guards in the blind surveillance spots. (*Id.*, ¶ 58.) They also knew that James Faulkner engaged in sexual abuse and sexually assaulted Dotson on those three occasions in May 2019 but failed to take steps to prevent further harm. (*Id.*, ¶¶ 58, 60, 62.) Dotson also alleges she made repeated requests to Captain A, Cooper, Ruck, and the guards to report her assault to law enforcement, but they did not allow her to do so. (*Id.*, ¶ 112.)

On July 1, 2019, Dotson transferred to the Milwaukee Women's Correctional Center (MWCC). Dotson alleges defendants Warden Julie Ustruck and John/Jane Doe MWCC Guards 1 through 5 knew about her sexual assaults and the resultant mental and emotional trauma. (*Id.*, ¶¶ 66, 67, 70.) However, they refused to allow Dotson to access the "ASTOP hotline." (*Id.*, ¶ 66.) They also did not provide Dotson with psychological counselling or other psychological care to address her mental

health needs. (*Id.*, ¶¶ 66, 67, 70.) As a result, Dotson went 17 days without treatment. (*Id.*, ¶ 71.)

Then, on July 17, 2019, Ellsworth Officials, including Captain A, held a hearing and decided to transfer Dotson to Taycheedah Correctional Institution, despite Warden Cooper's order to keep her at MWCC. (*Id.*, ¶ 73.) Dotson states Captain A orchestrated the transfer in retaliation for Dotson reporting the sexual assaults that happened under Captain A's supervision. (*Id.*, ¶ 74.) MWCC is a minimum-security facility where as Taycheedah is a higher-security facility. (*Id.*, ¶ 75.)

Dotson was transferred to Taycheedah on July 20, 2019. (*Id.*, ¶ 76.) For the next two weeks, Dotson "continuously informed" John/Jane Doe Taycheedah Guards 1-5 that she was feeling suicidal and wanted to self-harm. (*Id.*, ¶ 77.) She also told them this was a result of the sexual assaults, and she requested access to the "ASTOP crises hotline" and access to psychological care. (*Id.*, ¶¶ 77-79.) Defendants Cooper and Ruck, who are also the Warden and Deputy Warden respectively of Taycheedah, also were aware of Dotson's mental state and her suicidal ideations but denied her access to the hotline and psychological care. (*Id.*, ¶ 79.) Dotson then physically harmed herself with a razor blade. (*Id.*, ¶ 78.) Dotson seeks monetary damages and reasonable attorney fees. (*Id.* at 15-16.)

5

*1.3 Analysis*

Because Dotson's amended complaint contains substantially similar allegations as contained in her original complaint against Faulkner, the court will still allow Dotson to proceed on an Eighth Amendment claim against Faulkner and will exercise supplemental jurisdiction over the Wisconsin state claim against Faulkner under Wis. Stat. § 955.50 for the reasons stated in the court's original screening order. (*See* ECF No. 4.)

Dotson is also allowed to proceed against Captain A, Warden Cooper, and Deputy Warden Ruck for an Eighth Amendment claim for unwanted sexual touching under a theory of supervisor liability. Supervisors can be held liable for constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. Dotson sufficiently alleges that Captain A, Cooper, and Ruck knew about Faulkner's capacity to commit sexual assault and the conditions in Ellsworth that would allow him to commit sexual assault. She also alleges that they knew Faulkner assaulted her and did nothing.

Additionally, Dotson may proceed against the John/Jane Doe Ellsworth Guards 1-5 for failing to protect her from the threat of sexual assault. Where a prison official knows "about a serious risk of harm, they have an obligation 'to take reasonable measures to abate it.'" *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008)

(quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). Dotson sufficiently alleges that the Ellsworth guards knew about the first sexual assault and failed to take any action to prevent the other two from occurring.

Dotson further claims that the John/Jane Doe guards at both MWCC and Taycheedah, as well as Cooper, Ruck, and Warden Julie Ustruck were deliberately indifferent to her serious mental health needs in violation of her Eighth Amendment rights. To state a claim for deliberate indifference to mental health needs, a plaintiff must allege "(1) [s]he had an objectively serious medical need and (2) the defendants knew of and disregarded an excessive risk to [her] health." *Jenkins v. Frisch*, 773 Fed. Appx. 310, 312 (7th Cir. 2019). Dotson alleges that these defendants knew of the mental and emotional trauma she suffered as a result of the sexual assault and that she repeatedly asked them for psychological services or other resources to address her needs. She also alleges that they refused to provide her with any sort of treatment. In the case of the Taycheedah Guards 1-5, she told them she was suicidal, they did nothing, and then she proceeded to self-harm. She may proceed on an Eighth Amendment deliberate indifference claim to serious mental health needs against Cooper, Ruck, Ustruck, the John/Jane Doe MWCC Guards 1-5, and the John/Jane Doe Taycheedah Guards 1-5.

Dotson next brings claims against Captain A, Cooper, Ruck, and the John/Jane Doe Ellsworth Guards 1-5 for retaliating against her for exercising her First Amendment rights. To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2)

7

[s]he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Dotson alleges two instances of retaliation. First, that Captain A retaliated against her for reporting the sexual assaults that happened under Captain A's supervision by arranging a transfer from MWCC (a minimum-security facility) to Taycheedah (a higher-security facility). Second, that Cooper, Ruck, and the Ellsworth Guards did not allow Dotson to pursue criminal charges by reporting her sexual assaults to law enforcement after she reported them to Ellsworth staff. In both instances, Dotson sufficiently alleged the first element because seeking redress for sexual assault, both from Ellsworth and from law enforcement, is protected First Amendment activity. *See Sundermeyer v. Kutina*, 19-cv-502, 2019 WL 4142683 at * 4 (W.D. Wis. Aug. 30, 2019). She also sufficiently alleges that the defendants' actions were motivated by her reporting the sexual assault and she suffered deprivations likely to deter future activity—she had to transfer to a higher-security institution, and she was barred from seeking criminal redress for at least a period of time.[1] She may proceed on the retaliation claims against Captain A, Cooper, Ruck, and Ellsworth Guards 1-5.

The court notes that for several of the defendants Dotson once again attempts to sue them in their official capacity. As the court explained in its order screening

---

[1] Because Faulkner was eventually charged and convicted, at some point Dotson must have been able to press charges. However, the court does not know when she was allowed to do so, so at this stage, she sufficiently alleges that she was barred from seeking redress.

8

the original complaint, official capacity suites against DOC officials are essentially a claim against a state agency and claims against a state agency are the same as suing the State itself. (*See* ECF No. 4 at 4-5.) States can only be held liable under § 1983 where the plaintiff seeks injunctive relief and alleges that the State itself is responsible for the violation of constitutional rights because of a practice, custom, or policy. (*Id.*); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989); *Kentucky v. Graham*, 437 U.S. 159, 166 (1985). Dotson does not seek injunctive relief, so she may not sue any of the defendants in their official capacity.

Finally, Dotson is suing several John and Jane Doe defendants. Once the named defendants have answered the amended complaint, the court will issue a scheduling order setting a deadline by which Dotson must used discovery to identify the John and Jane Doe defendants and then file a motion identifying them with the court.

**THEREFORE, IT IS ORDERED** that Dotson's motion to amend the complaint (ECF No. 7) is **GRANTED**. Her amended complaint (ECF No. 7-1) is not the operative complaint. Dotson's attorney shall serve James Faulkner within 90 days of the date of this order. Faulkner shall file a responsive pleading within 60 days from the day he receives notice.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Warden Sarah Cooper, Deputy Warden Kalen Ruck, and Warden Julie

9

Ustruck. It is **ORDERED** that, under the informal service agreement, those defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 11th day of March, 2021.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge